Mr. Larry Cook Prosecuting Attorney Seventeenth West Judicial District P.O. Box 423 Lonoke, AR 72086
Dear Mr. Cook:
This is in response to your request for an opinion on the following questions:
 1. Can the quorum court members elect to treat themselves as employees for purposes of receiving hospital insurance benefits under a county personnel policy?
 2. If so, can a quorum court decide to eliminate health insurance benefits for the quorum court members during a current term of the quorum court, or must it postpone elimination of the benefits until the next term?
 3. If the quorum court elects to treat themselves as employees for the purpose of receiving hospital insurance benefits under a county personnel policy, would it make a difference if the quorum court members paid for their benefits without any financial cost to the county?
 4. If quorum court members are allowed to treat themselves as employees for purposes of receiving hospital insurance benefits under a county personnel policy and the county paid the quorum court members health insurance benefits, would the value of the benefits received be includable as compensation pursuant to A.C.A. § 14-15-1205, which determines the minimum and maximum compensation which can be received by quorum court members in any calendar year?
It is my opinion that the answer to your first question is probably "no." Please note that I have enclosed a copy of a previously issued opinion regarding the refusal of a county judge or a county court to pay health insurance premiums on quorum court members. Op. Att'y Gen. 95-004. It was concluded in this opinion that a question arises concerning the county's authority to provide for such an expenditure of county funds in light of A.C.A. § 14-14-1205, which states in relevant part as follows:
 No justice of the peace shall receive compensation as a county employee or deputy, nor shall any justice receive compensation or expenses from funds appropriated by the quorum court for any services performed within the county, other than as provided by this subchapter.
A.C.A. § 14-14-1205(c) (Cum. Supp. 1993).
As noted in Opinion 95-004, there is no Arkansas Code provision authorizing the payment of health insurance premiums on behalf of quorum court members. It is thus arguable that such payment would be contrary to § 14-14-1205. Op. Att'y Gen. 95-004 at 4.
Because the payments of such benefits would, in my opinion, likely be deemed unauthorized, responses to your second and fourth questions are unnecessary. With regard to your third question involving payment by the quorum court members, my concern with sanctioning such a practice emanates from the fact that this may be viewed as affording a form of "compensation," though perhaps indirectly. As I understand it, members of the quorum court would in essence be treated as county employees and would be included in the group health insurance plan. The quorum court members would, presumably, benefit from their inclusion in the employees' plan. A review of the provisions in the county government code regarding "compensation," generally, reflects the legislature's expansive view of this term. Arkansas Code Annotated § 14-14-1203 (1987) requires specific appropriation of "[a]ll compensation, including salary, hourly compensation, expense allowances, and other remunerations. . . ." The term "remuneration" is defined in Black's Law Dictionary 1165 (5th ed. 1979) as "[r]eward; recompense; salary; compensation." Inclusion of the quorum court members as "employees" for purposes of receiving insurance benefits could, arguably, under this view of "compensation," contravene the limitation in A.C.A. § 14-14-1205(c), supra.
I am therefore unable to conclude, in response to your third question, that payment by the quorum court members would necessarily make a difference. Inclusion of the quorum court in the group plan would, in my opinion, be subject to challenge notwithstanding the members' payment of the associated costs.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh